# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# CHRISTIAN DIVISION

| | |
|---|---|
| ANGELA COMPERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.   5:22CV-142-BJB |
| | ) |
| CITY OF OAK GROVE KENTUCKY | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiff, Angela Comperry ("Comperry" or "Plaintiff"), by Counsel, brings this action against Defendant, City of Oak Grove Kentucky ("Oak Grove"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*; and the Kentucky Civil Rights Act.

## PARTIES

2.  Plaintiff is a resident of Christian County, Kentucky, who at all relevant times to this action resided within the geographical boundaries of the Western District of Kentucky.

3.  Defendant is a home rule-class city adjacent to the Fort Campbell army base in Christian County, Kentucky. Pursuant to Ky. CR 4.04, service may be made on the Defendant's Chief Executive Officer (i.e. Mayor) or official attorney. Therefore, Defendant may be served through Mayor Theresa Jarvis at P.O. Box 250, 8505 Pembroke Oak Grove Road, Oak Grove,

Kentucky 42262 and its attorney Mark Gilbert at 701 South Main Street, P.O. Box 1065, Hopkinsville, KY 42241-1056.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343; 28 U.S.C. § 1367; 42 U.S.C. §12117; 29 U.S.C. § 626(c); and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 29 U.S.C. § 630(b), 29 U.S.C. §2611(4), and KCRA § 344.030(5).

6. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Plaintiff was an "employee" as that term is defined by 42 U.S.C. §12111(4); 29 U.S.C. § 630(f); 29 U.S.C. § 2611(2); and KCRA § 344.030(5).

8. Plaintiff has a "disability" as that term is defined by 42 U.S.C. §12102(2) and KCRA 344.010(4).

9. Plaintiff satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on her disability, age, and retaliation. Plaintiff received her Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this court.

## FACTUAL ALLEGATIONS

11. Comperry, who is 65-years old, was hired by the Defendant in or about August 2018. Her last position was as the City Clerk. During her tenure Comperry met or exceeded the Defendant's legitimate performance expectations.

12. During her tenure, Defendant employed more than 50 employees within a 75-mile radius.

13. During her tenure, Comperry reported directly to Mayor Theresa Jarvis ("Mayor Jarvis").

14. In or about February 2022, Comperry informed Mayor Jarvis that she was scheduled for a hysterectomy in April 2022. Upon informing Mayor Jarvis of her impending hysterectomy, Defendant failed to inform Comperry of her rights under the Family Medical Leave Act ("FMLA").

15. Instead, Mayor Jarvis assisted Comperry in moving her surgery from April 2022 to May 2022 in order for Comperry to finish grant reports, which were due in April 2022.

16. After her surgery, Comperry would have qualified as an individual with a disability as that term is defined under the Americans with a Disabilities Act ("ADA").

17. By informing Defendant of her upcoming surgery and requesting an accommodation/seeking FMLA, Comperry engaged in a protected activity.

18. Defendant terminated Comperry's employment on March 18, 2022.

19. Following her termination, Comperry was replaced by Lorelynn Fisher ("Fisher"). Fisher is significantly younger than Comperry.

20. Comperry has been damaged as a result of the Defendant's actions.

## CAUSES OF ACTION

### COUNT I: ADA & KCRA – DISABILITY DISCRIMINATION

21. Plaintiff hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant discriminated against Comperry on the basis of her disability by subjecting her to disparate treatment.

23. Defendant discriminated against Comperry on the basis of her disability by failing to engage in the interactive process in good faith and, as a result, denying her a reasonable accommodation.

24. Defendant's actions were intentional, willful and in reckless disregard of Comperry's legally protected rights as protected by the KCRA and Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

25. Comperry has suffered damages as a result of Defendant's actions.

## COUNT II: ADEA & KCRA – AGE DISCRIMINATION

26. Plaintiff hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27. Defendant discriminated against Comperry on the basis of her age.

28. Defendant's actions were intentional, willful, and taken in reckless disregard of Comperry's legal rights.

29. Defendant's unlawful actions have violated Comperry's rights as protected by the KCRA and the Age Discrimination in Employment Act, 29 U.S.C. § 621.

30. Comperry has suffered damages as a result of Defendant's actions.

## COUNT III: FMLA INTERFERENCE

31. Plaintiff hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Defendant unlawfully interfered with the exercise of Comperry's rights under the FMLA.

33. Defendant's actions were intentional, willful, and in reckless disregard of Comperry' rights as protected by the FMLA.

34. Comperry suffered damages as a result of Defendant's unlawful actions

### COUNT IV: RETALIATION IN VIOLATION OF ADA & FMLA

35. Plaintiff hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint.

36. Comperry engaged in a protected activity under the FMLA when she requested the appropriate paperwork. Defendant retaliated against Comperry for exercising her rights under the FMLA.

37. Comperry engaged in a protected activity when she complained about disability discrimination to Defendant. Defendant retaliated against Comperry by terminating her after she complained of disability discrimination. Defendant's actions were intentional, willful, and taken in reckless disregard of Comperry's legal rights as protected by the KCRA and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

38. Defendant retaliated against Comperry for exercising her rights under the FMLA. Defendant's actions were intentional, willful, and in reckless disregard of Comperry's rights as protected by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

39. Comperry has suffered damages as a result of Defendant's actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Comperry, by counsel, respectfully requests that this Court find for Plaintiff and order that the Defendants:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her sex/disability/age;

2. Reinstate Plaintiff to the position, salary and seniority level with all perquisites of employment lost as a result of Defendant's actions;

3. Order that Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

5. Award Plaintiff compensatory damages for Defendant's violations of the ADA and KCRA;

6. Award Plaintiff punitive damages for Defendant's violations of the ADA;

7. Award Plaintiff liquidated damages for Defendant's violations of the ADEA and FMLA;

8. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

9. Pay to Plaintiff any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Taylor Ferguson

6

        Andrew Dutkanych III, Atty. No. 91190
        Taylor Ferguson, Atty. No. 97655
        144 North Delaware Street
        Indianapolis, Indiana 46204
        Telephone: (317) 991-4765
        Facsimile: (812) 424-1005
        Email: Tferguson@bdlegal.com
           Ad@bdlegal.com
        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Angela Comperry, by counsel requests a trial by jury on all issues deemed so triable.

        Respectfully Submitted,

        BIESECKER DUTKANYCH & MACER, LLC

        By: */s/ Taylor Ferguson*
        Andrew Dutkanych III, Atty. No. 91190
        Taylor Ferguson, Atty. No. 97655
        144 North Delaware Street
        Indianapolis, Indiana 46204
        Telephone: (317) 991-4765
        Facsimile: (812) 424-1005
        Email: Tferguson@bdlegal.com
           Ad@bdlegal.com
        *Attorneys for Plaintiff*